IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BASEM M.F. HUSSEIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNIVERSAL DEVELOPMENT MANAGEMENT, INC. t/d/b/a The Meadows Apartments, UDE OF MITCHELL ROAD, LTD, and SHERRI LYNN WILSON, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

2:01cv2381

MEMORANDUM OPINION AND ORDER

Before the Court for disposition are the following:

- MOTION IN LIMINE OF DEFENDANTS TO PRECLUDE EXPERT TESTIMONY IN (*sic*) BEHALF OF PLAINTIFF (*Document No. 64*) filed by Defendants;

- PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY ON BEHALF OF THE PLAINTIFF (*Document No. 68*);

- Defendants' REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE OF DEFENDANTS TO PRECLUDE EXPERT TESTIMONY IN (*sic*) BEHALF OF PLAINTIFF (*Document No. 75*);

- PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY OF ATTORNEY JAMES VILLANOVA (*Document No. 78*); and

- DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY ON BEHALF OF PLAINTIFF (*Document No. 79*).

Discussion

Defendants seek to prohibit the testimony of James Villanova, Esquire, ("Mr. Villanova")[1] who has been identified by Plaintiff as a liability witness, a damages witness and an expert witness. Specifically, Defendants contend that Mr. Villanova is not "qualified as an expert in the field of residential rental housing management," that his *curriculum vitae* and expert report fail to demonstrate that he is an expert on issues relating to invasion of privacy and section 1981 violations (which are at issue in this action), that the report does not reflect that Mr. Villanova's opinions are based upon reliable principles and methods, and that his testimony would amount to an expression of legal conclusions. Although Plaintiff has styled Mr. Villanova as a liability witness and damages witness, the parties' arguments focus on whether he should be permitted to testify as an expert.

As set forth below, the Federal Rules of Evidence set forth the parameters of testimony by expert witnesses. Rule 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. With respect to an expert's opinion on an ultimate issue, Rule 704 provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." However, Rule 704 does not permit expert testimony as to legal conclusions. *See Salas by Salas v. Wang*, 846 F.2d 897, 905 n.5 (3d Cir. 1988).

In *Waldorf v. Shuta*, 142 F.3d 601 (3d Cir. 1998), the United States Court of Appeals for

---

[1]. Mr. Villanova's *curriculum vitae* reflects that he is a private practice attorney in Pittsburgh, Pennsylvania, and that he is a former Assistant United States Attorney and Assistant Public Defender for Allegheny County, Pennsylvania. He has also been "an owner and manager of residential rental housing for the last thirty years or more." *See* Motion, exh. A.

the Third Circuit articulated the standard for qualifying an expert:

> Rule 702 requires the witness to have "specialized knowledge" regarding the area of testimony. The basis of this specialized knowledge "can be practical experience as well as academic training and credentials." We have interpreted the specialized knowledge requirement liberally, and have stated that this policy of liberal admissibility of expert testimony "extends to the substantive as well as the formal qualification of experts." However, "at a minimum, a proffered expert witness ... must possess skill or knowledge greater than the average layman...."

*Id*. at 625 (citations omitted). However, despite the Third Circuit's "generally liberal standard of qualifying experts," our court of appeals has rejected "a policy of qualifying any proffered witness as an expert." *Elcock v. Kmart Corp.*, 233 F.3d 734, 742 (3d Cir. 2000).

With respect to Mr. Villanova's qualifications, it is possible that he is "qualified as an expert in the field of residential rental housing management," and as a seasoned attorney, he very well may be qualified to offer an opinion as to whether the elements of a cause of action are satisfied. However, the Court finds and rules that the testimony which Plaintiffs seek to elicit from Mr. Villanova is nevertheless inadmissible.

The initial problem with Mr. Villanova's report is that it is replete with inadmissible legal conclusions. The report addresses the following questions:

1) Did certain aspects of the conduct of representatives of the Defendants on or about September 11, 2001 constitute the Pennsylvania tort of invasion of privacy?

2) Did certain aspects of the conduct of the Defendants on or about September 11, 2001 represent a violation of Section 1981 of Title 42 of the United States Code?

Motion, exh. A. The report goes on to analyze and answer these questions in the affirmative, and there is no doubt that the analysis and answers amount to inadmissible legal conclusions. Next, it is unlikely that Mr. Villanova's testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue" in the manner contemplated by Rule 702. Mr. Villanova's report opines that "there was simply a decision on the part of the property manager to unlawfully enter," that Plaintiff "was subjected to an unwarranted FBI investigation," and that "[f]rom a view of the entire array of evidence ... the actions of the Defendants ... were racially motivated." Motion,

exh. A.  Plaintiff also contends that Mr. Villanova will be "an expert witness as to his opinion regarding the inconsistencies between the Defendants' statements to the authorities with the actual records of the F.B.I.," and that "it is essential that one who is learned in reviewing documents and ascertaining inconsistencies, along with a background related to the federal system, point out these issues to the jury."  Pltf's Response at 9, 11.  To put it simply, it is not "beyond the ken of an average juror" to make these determinations.  *Beck v. City of Pittsburgh*, 89 F.3d 966, 976-77 (3d Cir. 1996).  Therefore, it is unlikely that Mr. Villanova's testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  Indeed, the testimony as proposed would tell the jury what they should conclude from the evidence, and would have the effect of usurping the fact finding and decision making function of the jury if permitted.

## Conclusion

For the reasons stated above, Defendants' Motion in Limine will be granted.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BASEM M.F. HUSSEIN,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| **UNIVERSAL DEVELOPMENT** | )   2:01cv2381 |
| **MANAGEMENT, INC. t/d/b/a** | ) |
| **The Meadows Apartments,** | ) |
| **UDE OF MITCHELL ROAD, LTD, and** | ) |
| **SHERRI LYNN WILSON,** | ) |
| | ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 25th day of August, 2005, in accordance with the foregoing Memorandum Opinion it is hereby **ORDERED, ADJUDGED and DECREED** that the Motion in Limine of Defendants to Preclude Expert Testimony in (*sic*) Behalf of Plaintiff (*Document No. 64*) is **GRANTED**. Attorney James Villanova may not testify as an expert with respect to 1) the substance of his March 23, 2004 correspondence/ expert report; 2) any inconsistencies between information provided by Defendants to the FBI and evidence actually discovered by the FBI regarding Plaintiff; 3) any opinion which Mr. Villanova may have regarding the appropriateness of Defendants' conduct during the time frame at issue in this action; or 4) any other legal opinion and/or conclusion he may have as to the facts and/or merits of this action.

BY THE COURT:

s/ Terrence F. McVerry
Terrence F. McVerry
United States District Court Judge

cc: Craig L. Fishman, Esquire
Email: clf@tarasilaw.com

R. Eric Hall, Esquire,
R.E. Hall & Associates, P.C.
1275 Glenlivet Drive - Suite 210
Allentown, PA   18106
**BY FAX: 610/ 398-0860**