IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BASEM M.F. HUSSEIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| UNIVERSAL DEVELOPMENT | ) |
| MANAGEMENT, INC. t/d/b/a | )   2:01cv2381 |
| The Meadows Apartments, | ) |
| UDE OF MITCHELL ROAD, LTD, and | ) |
| SHERRI LYNN WILSON, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Before the Court for consideration and disposition are Defendants' MOTION FOR RELEASE OF INFORMATION PURSUANT TO THE PRIVACY ACT, 5 U.S.C. § 552A(B)(11) ("Motion") (*Document No. 95*), PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR RELEASE OF INFORMATION PURSUANT TO THE PRIVACY ACT ("Response") (*Document No. 96*), the EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION TO RELEASE INFORMATION ("Exhibits") (*Document No. 97*), the FEDERAL GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR RELEASE OF INFORMATION PURSUANT TO THE PRIVACY ACT, 5 U.S.C. § 552a(B)(11) ("Government Response") (*Document No. 98*), DEFENDANTS' REPLY BRIEF REGARDING DEFENDANTS' MOTION FOR RELEASE OF INFORMATION ("Defendants' Reply"), and PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY BRIEF REGARDING DEFENDANTS' MOTION FOR RELEASE OF INFORMATION ("Plaintiff's Reply") (*Document No. 99*).

Background

This action arises out of events which occurred on September 11, 2001. Plaintiff is a radiologist of Arabic descent and, at the relevant time, was a resident of The Meadows Apartments. Complaint at ¶¶ 2-4, 6. Defendant Sherri Lynn Wilson ("Wilson") was the

manager of The Meadows Apartments.  *Id*. at ¶ 5.  Plaintiff alleges that Wilson entered and searched his apartment after the terrorist attacks took place.  *Id*. at ¶ 12.  Wilson apparently thought that some of the items that she found in the apartment were indicative of terrorist activity, and she reported Plaintiff to the Pennsylvania State Police.  *Id.* at ¶ 13.  The Federal Bureau of Investigation ("FBI") quickly became involved in the investigation of Plaintiff and obtained a search warrant for his apartment.  *See* Document No. 22.  In addition to the search, the FBI conducted an investigation of Plaintiff, but he was never charged with a criminal offense, and it appears from various filings in this case that Plaintiff was not connected with terrorist activity.

Plaintiff filed a Complaint which alleges violations of 42 U.S.C. § 1981 and the Fair Housing Act, as well as claims for invasion of privacy and trespass.  During discovery Plaintiff sought to obtain various FBI documents and to depose FBI Special Agent Denise Holtz *nee* Valentine ("Agent Holtz"), who had obtained the warrant to search Plaintiff's apartment.  *See id; see also* Document Nos. 25, 31-32.  The FBI and the United States Department of Justice opposed the deposition of Agent Holtz and Plaintiff's discovery requests.  *See* Document Nos. 31-32.  United States Magistrate Judge Francis X. Caiazza ruled that the Court could not compel the testimony of an FBI agent under *Touhy v. Ragen*, 340 U.S. 462 (1951), and that Plaintiff's proper remedy would be a separate action, brought pursuant to the Administrative Procedures Act, against the FBI official who restricted his access to Agent Holtz and the FBI's records.  *See* Document No. 34 at 7.  However, numerous FBI documents which pertain to the investigation of Plaintiff were provided to the parties, albeit in redacted form.  *See, e.g.,* Document No. 64, exh. A (Plaintiff's expert report); *see also* attachment to Government's Response.

In their Motion for Release of Information Defendants now seek an Order of Court pursuant to the Privacy Act to authorize the FBI to "release" the trial testimony of Agent Holtz, as well as the testimony of Special Agents Larry Juliano ("Agent Juliano") and Edward Moschella ("Agent Moschella").  The Government's Response and the attachment thereto reflect

that the FBI and the Department of Justice do not oppose the Motion and will now authorize Agents Holtz, Juliano and Moschella to testify at trial, provided that their testimony is confined to the parameters set forth in said attachment.[1]  *See* Government's Response & attachment.

Plaintiff was unable to depose the FBI agents and opposes the Motion.[2]  Specifically, Plaintiff contends in his Response that he "was denied access to the very information which the defense seeks to introduce during the trial of this case," that "[t]he Order of Judge Caiazza is subject to the 'Law of the Case' doctrine and cannot be vacated," and that he is "prejudiced by Defendants' attempt to 'sand bag' him by presenting the trial testimony of witnesses who are not subject to discovery."  Response at ¶¶ 2-3.

## Discussion

Preliminarily, the Court observes that the parameters of the agents' prospective testimony are fairly limited.  Specifically, Agent Juliano has been authorized to testify that the FBI records previously provided to counsel are regularly kept business records, and that the FBI took Plaintiff's resident file from Wilson, but did not return it because it was misplaced.  Agent Juliano may also testify regarding what he remembers about the contents of Plaintiff's resident file, his interview of Wilson, the substance of his report of the interview, and the substance of his notes from the interview.  Agent Holtz has been authorized to testify that the FBI records previously provided to counsel are regularly kept business records, and that the FBI is no longer

---

[1] The attachment is a letter dated August 19, 2005 from Jeffrey B. Killeen, Chief Division Counsel for the FBI, to Attorney R. Eric Hall, who represents the defendants.  The letter sets forth the limitations on the agents' testimony, and also adds the caveat that "this permission is conditioned upon the issuance of a Privacy Act court order."  *See* attachment to Government's Response at 3.

[2] Defendant has also been unable to depose the agents, and is ostensibly no better informed than Plaintiff as to exactly what the agents will say when called to the stand.  *See* attachment to Government's Response at 3 (discussing whether counsel for Defendants would be allowed to speak with the agents prior to trial); *see also* Defendant's Reply at 6-7.

investigating Plaintiff concerning the events of September 11, 2001.  Agent Moschella is authorized to testify regarding the contents and condition of Plaintiff's apartment; that the FBI records previously provided to counsel are regularly kept business records; and that the FBI is no longer investigating Plaintiff concerning the events of September 11, 2001.

The Court will grant Defendants' Motion for Release of Information.  Although the prospective testimony of Agents Holtz, Juliano and Moschella was not subject to discovery due to Judge Caiazza's earlier ruling, in the Court's view it is appropriate that they testify.[3]  Agents Holtz and Juliano were specifically named by Defendants in their pretrial statement and witness list, and these filings also reflect that Defendants would seek to introduce the testimony of additional FBI agents and/or employees.  Defendants' first pretrial statement was filed approximately fifteen months ago, and their witness list was filed approximately eight months ago.  *See* Document Nos. 45, 63.  Thus, Plaintiff cannot claim to be surprised that Defendants seek to introduce the testimony of Agents Holtz, Juliano and Moschella.  Moreover, as mentioned above, the scope of their testimony is fairly limited and, for the most part, will address information which has been provided to the parties by the FBI.  Therefore, the Court finds and rules that Agents Holtz, Juliano and Moschella, who are not aligned with either side of the case, will provide relevant information which should be considered by the jury.  The Court also finds and rules that the prejudice to Plaintiff, if any, due to his inability to depose these agents will not outweigh the importance and relevance of their testimony.  The Court notes, however, that counsel for Defendants has represented that the FBI will permit counsel for Defendants, as well as counsel for Plaintiff, to speak with the agents prior to trial in the presence of FBI counsel.  Accordingly, the Court will grant the Motion for Release of Information.

---

[3] The Court agrees with Defendants' contention that the law of the case doctrine does not bar the agents' testimony because the FBI has approved the agents' limited testimony, and therefore the controversy which led to Judge Caiazza's ruling is essentially moot.  *See* Defendants' Reply at 4-5.

<u>Conclusion</u>

      For the reasons hereinabove stated, Defendants' Motion for Release of Information will be granted.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BASEM M.F. HUSSEIN, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNIVERSAL DEVELOPMENT MANAGEMENT, INC. t/d/b/a The Meadows Apartments, UDE OF MITCHELL ROAD, LTD, and SHERRI LYNN WILSON, | ) 2:01cv2381 ) ) ) ) |
| Defendants. | ) |

ORDER OF COURT

AND NOW, this 25th day of August, 2005, in accordance with the foregoing Memorandum Opinion it is hereby **ORDERED, ADJUDGED and DECREED** that the Motion for Release of Information Pursuant to the Privacy Act, 5 U.S.C. § 552A(B)(11) (*Document No. 95*) is **GRANTED,** as follows:

1) The Federal Bureau of Investigation is ORDERED to release the trial testimony of Special Agents Denise Holtz, Larry Juliano and Edward Moschella. These agents may testify at trial, but their trial testimony shall be limited as outlined in the August 19, 2005 letter from FBI Chief Division Counsel Jeffrey B. Killeen to Attorney R. Eric Hall;

2) The FBI shall make Special Agents Holtz, Juliano and Moschella available to speak to counsel for Defendants and counsel for Plaintiff, separately, prior to trial, as reasonably promptly as possible, on or before September 2, 2005; and

3) Trial of this action shall proceed as scheduled on September 12, 2005.

BY THE COURT:

s/ Terrence F. McVerry
Terrence F. McVerry
United States District Court Judge

cc: Craig L. Fishman, Esquire
Email: clf@tarasilaw.com

R. Eric Hall, Esquire
R.E. Hall & Associates, P.C.
1275 Glenlivet Drive - Suite 210
Allentown, PA   18106
**BY FAX: 610/ 398-0860**

Rebecca Ross Haywood, Esquire
Email: rebecca.haywood@usdoj.gov