**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BASEM M.F. HUSSEIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **UNIVERSAL DEVELOPMENT** | ) | |
| **MANAGEMENT, INC. t/d/b/a** | ) | **2:01cv2381** |
| **The Meadows Apartments,** | ) | |
| **UDE OF MITCHELL ROAD, LTD, and** | ) | |
| **SHERRI LYNN WILSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

ORDER OF COURT

Before the Court for consideration are the EVIDENTIARY MEMORANDUM OF DEFENDANTS, UNIVERSAL DEVELOPMENT MANAGEMENT, INC., T/D/B/A THE MEADOWS APARTMENTS, UDE OF MITCHELL ROAD, LTD., AND SHERRI LYNN WILSON ("the Memorandum") (*Document No. 104*) and PLAINTIFF'S RESPONSE TO EVIDENTIARY MEMORANDUM OF DEFENDANTS (*Document No. 109*).  Preliminarily, the Court observes that Defendants' Memorandum has been construed by the Court as motion in limine, and has been re-docketed accordingly.[1]  The Court also observes that pursuant to the Pretrial Order of August 5, 2004, all motions in limine were to have been filed by November 8, 2004, and the substance of the instant motion was not unknown to counsel for Defendants at the time.  *See* Document No. 52.

Defendants argue in the Memorandum that the parol evidence rule precludes Plaintiff from testifying that Defendants were not to enter his apartment without his permission and without providing notice of their entry.  Plaintiff's anticipated testimony, according to Defendants, would be contrary to the terms of his lease.  Plaintiff, on the other hand, contends

---

[1]  The Memorandum was originally docketed at Document No. 103, but was re-docketed as a motion in limine by the Clerk of Courts at Document No. 104.

that the Memorandum is untimely.  Plaintiff also contends that the lease, which permits

Defendants to enter Plaintiff's apartment "at all reasonable and necessary times," is ambiguous,

and therefore parol evidence may be considered to resolve the ambiguity.

In addition to having been filed over eight months late without justification, the Court

finds and rules that the *de facto* motion in limine lacks merit.  First, this action is not for breach

of contract or otherwise based on the terms of Plaintiff's lease, and the precise meaning and/or

interpretation of Plaintiff's lease is not one of the elements of Plaintiff's claims.  Therefore,

Defendant's attempt to use the parol evidence rule as a rule of evidence is misplaced.  *See*

*Rempel v. Nationwide Life Ins. Co., Inc.*, 323 A.2d 193, 195 (Pa. Super. Ct. 1974) (the parol

evidence rule "is one of substantive contract law, rather than an exclusionary rule of evidence").

Moreover, even if the parol evidence rule applied to this situation, parol evidence is admissible to

resolve ambiguities in a written agreement.  *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d

425, 437 (Pa. 2004) ("[W]here a term in the parties' contract is ambiguous, parol evidence is

admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is

created by the language of the instrument or by extrinsic or collateral circumstances.") (citations

and quotations omitted).  Plaintiff contends, and the Court finds and rules, that the language in

the lease which grants Defendants permission to enter Plaintiff's apartment "at all reasonable and

necessary times" is ambiguous, especially in light of representations by Sherri Lynn Wilson at

her deposition that Defendants would typically obtain a resident's permission to enter an

apartment to change furnace filters, and Plaintiff's contention that Defendants were not to enter

his apartment without his permission and without providing notice of their entry.  Therefore, a

finder of fact should, and will, be permitted to consider these discrepancies and/or ambiguities

regarding the circumstances under which Defendants were allegedly permitted to enter Plaintiff's

apartment.

NOW THEREFORE, this 7th day of September, 2005 it is hereby **ORDERED,**

**ADJUDGED and DECREED** that the evidentiary ruling sought in the Evidentiary

Memorandum of Defendants, Universal Development Management, Inc., t/d/b/a The Meadows

Apartments, UDE of Mitchell Road, Ltd., and Sherri Lynn Wilson (*Document No. 104*) is

**DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
Terrence F. McVerry
United States District Court Judge

cc:     Craig L. Fishman, Esquire
        Email: clf@tarasilaw.com

        R. Eric Hall, Esquire,
        R.E. Hall & Associates, P.C.
        1275 Glenlivet Drive - Suite 210
        Allentown, PA   18106
        **BY FAX: 610/ 398-0860**