IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BASEM M.F. HUSSEIN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNIVERSAL DEVELOPMENT** )<br>**MANAGEMENT, INC. t/d/b/a** )<br>**The Meadows Apartments,** )<br>**UDE OF MITCHELL ROAD, LTD, and** )<br>**SHERRI LYNN WILSON,** )<br>)<br>**Defendants.** ) | 2:01cv2381 |

ORDER OF COURT

Before the Court for consideration are PLAINTIFF'S MOTION IN LIMINE (*Document No. 108*) and DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE. Preliminary, the Court finds and rules that the unique circumstances surrounding the timing of the admissibility of the testimony of special agents from the Federal Bureau of Investigation ("FBI") excuses Plaintiff's otherwise untimely motion.

Plaintiff's first contention is that Defendants should be prohibited from introducing evidence that the FBI discovered 30 flight simulator games, books and articles on commercial aircraft, and a Newsweek article from 1996 regarding the highjacking and crash of a Boeing 767 in Ethiopia when they searched Plaintiff's apartment.  Motion at 2.  According to Plaintiff, these items were not observed by defendant Sherri Lynn Wilson ("Wilson") when she entered Plaintiff's apartment, nor were they mentioned by Wilson during her deposition.  *Id*. Additionally, these items were not identified in the FBI's Affidavit of Probable Cause.  *Id*. Plaintiff contends that testimony or other evidence regarding these items is more prejudicial than probative, and that "[i]t is improper to permit the jurors to reach any conclusions regarding these items, as they were never considered by Ms. Wilson when she entered the apartment, reported her findings to the FBI, and participated in the eviction of Dr. Hussein."  *Id*.

The Court observes that the existence of the aforesaid items seized by the FBI from Plaintiff's apartment is not germane to whether Defendants were authorized to enter his

apartment, or whether Defendants' actions were motivated by Plaintiff's race, national origin and/or religion. The existence of the aforesaid items is, however, relevant to the FBI's subsequent investigation of Plaintiff, which is part of and integral to Plaintiff's alleged damages and credibility.

The Court finds and rules that this evidence, although prejudicial to Plaintiff, has probative value in the case overall, and that the probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Therefore, Defendants will not be precluded from eliciting testimony from the FBI regarding the items seized during the FBI's search of Plaintiff's apartment. The Court will, however, upon timely objection instruct the jury as to the limited purpose(s) for which they may consider such evidence, *i.e.*, not as justification for Defendants' entry into Plaintiff's apartment on September 11, 2001.

Plaintiff also contends that "defense counsel may attempt to elicit opinions from the FBI agents regarding their impression of Ms. Wilson's honesty and veracity during the FBI investigation of Dr. Hussein," and that such evidence "is irrelevant to the case, and will invade the province of the jury." Motion at 2-3. Under the Federal Rules of Evidence ("F.R.E.") "evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." F.R.E. 608(a). Therefore, testimony from the FBI agents regarding their impression of Wilson's honesty and veracity is generally inadmissible, but such testimony may be admissible *if* Plaintiff attacks her character for truthfulness. Accordingly, the Court will address any objection regarding this issue if and when an objection is made.

Finally, Plaintiff contends that Defendants should be precluded from advising the jury that defendant Wilson suffered from cancer and received treatment for cancer. In Plaintiff's view this evidence would be more prejudicial than probative, and therefore should be excluded pursuant to F.R.E. 403. Motion at 3. The Court finds and rules that evidence regarding Wilson's

treatment for cancer is not relevant to any issue in this case, and therefore such evidence fails to meet the threshold requirement that it be relevant.  F.R.E. 402.  Additionally, even if evidence regarding Wilson's treatment for cancer were relevant to an issue in this case, such evidence could cause the fact finder to be impermissibly sympathetic toward Wilson.  Therefore, the Court will exclude any evidence regarding Wilson's diagnosis of and treatment for cancer.

NOW THEREFORE, this 12th day of September, 2005 it is hereby **ORDERED, ADJUDGED and DECREED** that Plaintiff's Motion in Limine (*Document No. 108*) is **GRANTED IN PART and DENIED IN PART**, as follows:

1. Defendants are not precluded from eliciting testimony from the FBI regarding the items seized from Plaintiff's apartment;

2. The Court will address any objection regarding the FBI agents' perception of the honesty and veracity of Sherri Lynn Wilson at trial; and

3. Defendants are prohibited from introducing any evidence regarding Sherri Lynn Wilson's diagnosis of and/or treatment for cancer.

BY THE COURT:

s/ Terrence F. McVerry
Terrence F. McVerry
United States District Court Judge

cc:   Craig L. Fishman, Esquire
      Email: clf@tarasilaw.com

      R. Eric Hall, Esquire,
      R.E. Hall & Associates, P.C.
      1275 Glenlivet Drive - Suite 210
      Allentown, PA   18106